IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT WAGNER, )
        Plaintiff )    C.A. 16-206 Erie
)
     v. )    District Judge Rothstein
)    Magistrate Judge Baxter
CRAWFORD COUNTY, et al., )
        Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Crawford County Defendants' partial motion to dismiss [ECF No. 10] be granted, as follows: (i) Plaintiff's claims against Defendants Schultz, Hoke, Kryziak, Weiderspahn, Amato, Soff, Lewis, and Saulsbery should be dismissed; and (ii) Plaintiff's official capacity claims against Defendant Phillips should be dismissed. It is further recommended that Defendants Schultz, Hoke, Kryziak, Weiderspahn, Amato, Soff, Lewis, and Saulsbery be terminated from this case.

### II.    REPORT

#### A.    Relevant Procedural and Factual History

On August 16, 2016, Plaintiff Robert Wagner, who at all times relevant hereto was an inmate incarcerated at the Crawford County Correctional Facility at Saegertown, Pennsylvania ("CCCF"), initiated this civil rights action by filing a complaint pursuant to 42 U.S.C. §1983. Plaintiff subsequently filed an amended complaint on September 6, 2016, which superseded the original complaint and is the operative pleading in this case. [ECF No. 3]. Named as Defendants

are: Crawford County ("Crawford"); Crawford County Board of Jail Inspections ("Jail Inspection Board"); Crawford County District Attorney Francis J. Schultz ("Schultz"); Crawford County Sheriff Nick Hoke ("Hoke"); Crawford County Treasurer Chris Kryziak ("Kryziak"); Crawford County Commissioners Francis Weiderspahn, Jr. ("Weiderspahn"), John M Amato ("Amato"), and John Soff ("Soff"); CCCF Warden Timmy Lewis ("Lewis"); CCCF Deputy Warden Saulsbery ("Saulsbery"); CCCF corrections officer T.J. Phillips ("Phillips"); and Thomas Pude ("Pude"), an inmate at CCCF at all times relevant hereto.[1] For ease of reference, all Defendants other than Defendant Pude will hereafter be collectively identified as "Crawford County Defendants."

In his amended complaint, Plaintiff alleges that, on August 13, 2014, he was physically assaulted by Defendant Pude, who was not Plaintiff's cellmate, but was allegedly granted access to Plaintiff's cell by Defendants Phillips. Plaintiff alleges that Phillips intentionally violated CCCF's policy or practice of barring inmates from entering the cells of other inmates. As a result, Plaintiff asserts six causes of action: (i) Count I is an assault claim against Defendant Pude; (ii) Count II is an Eighth Amendment failure to protect claim against Defendant Phillips arising from his decision to allow Defendant Pude entry into Plaintiff's cell; (iii) Count III is an Eighth Amendment failure to protect claim against Defendant Phillips arising from his failure to intervene to prevent or stop the assault of Plaintiff by Defendant Pude; (iv) Count IV are pendent state law claims of negligence, negligent and intentional infliction of emotional distress, and assault and battery against Defendant Phillips; (v) Count V contains a supervisory liability

---

[1] Defendant Pude has not yet been served with the complaint in this matter, nor has an attorney entered an appearance on his behalf. Thus, any allegations or claims against Defendant Pude will not be addressed herein.

against all individual Crawford County Defendants (except Defendant Phillips), and a municipal liability claim against Defendants Crawford and Jail Inspection Board; and (vi) Count VI is a claim for attorneys' fees, costs and expenses against all Defendants.

On November 21, 2016, the Crawford County Defendants filed a partial motion to dismiss [ECF No. 10] Count IV of the amended complaint for failure to state a claim upon which relief may be granted. In addition, said Defendants seek dismissal of the official capacity claims against Defendants Lewis, Saulsbery, and Phillips.[2] Plaintiff has since filed a brief in response to the Crawford County Defendants' motion [ECF No. 17]. This matter is now ripe for consideration.

### B. Standard of Review

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp.,

---

[2] The moving Defendants have also sought dismissal of any claims asserted against CCCF and the Crawford County Commissioners (as a unit), as well as any pendent state law claims against all Crawford County Defendants other than Defendant Phillips; however, it is plain from the amended complaint and Plaintiff's opposition brief that no such claims are being pursued by Plaintiff. Thus, Defendants' motion to dismiss such claims is deemed moot.

394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly

give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

**C.     DISCUSSION**

    **1.     Official Capacity Claims**

The moving Defendants assert that, to the extent Plaintiff is suing them in their official capacities, Defendants Lewis, Saulsbery, and Phillips are immune from suit under the Eleventh Amendment. The Court agrees.

It is well settled that suits for damages by individuals against state governments, state agencies, or state officers acting in their official capacities are barred by the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 165-67 (1985) (holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); Chittister v. Dep't of Community and Economic Development, 226 F.3d 223 (3d Cir. 2000) (holding that individuals are barred from seeking monetary damages from state governments or state agencies). See also Bey v. Pennsylvania Department of Corrections, 98 F.Supp.2d 650, 657 (E.D. Pa. 2000) wherein the court summarized well-established law, observing that:

> [t]he Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Thus, under the Eleventh Amendment, absent express consent by the state in question or a clear and unequivocal waiver by Congress, states are immune from suit in federal court. See Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996).

Id.; see also Koslow v. Commonwealth of Pennsylvania, 302 F.3d 161 (3d Cir. 2002).

No exceptions to Eleventh Amendment immunity are applicable here. The Commonwealth of Pennsylvania has not consented to be sued. Wilson v. Vaughn, No. 93-C.V.-6020, 1996 WL 426538, *1 n.2 (E.D.Pa. July 30, 1996) (citing, 42 Pa. Con. Stat. Ann. §8521(b)). Congress has not expressly abrogated Pennsylvania's Eleventh Amendment immunity from civil rights suits for damages. Smith v. Luciani, No. 97-3613, 1998 WL 151803, *4 (E.D.Pa. March 31, 1998), aff'd, 178 F.3d 1280 (3d Cir. 1999)(Table). Thus, Plaintiff's claims against Defendants Lewis, Saulsbery, and Phillips in their official capacities should be dismissed.

### 2. Supervisory Liability Claims

It is well-settled that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. See Gould v. Wetzel, 2013 WL 5697866, at *2 (3d Cir. Oct.21, 2013), citing Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011). This means that the defendant must have played an "affirmative part" in the complained-of misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit … [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Oliver v. Beard, 358 Fed. Appx 297, 300 (3d Cir.2009); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, "a supervising public official has [no] affirmative constitutional duty to supervise and discipline so as to prevent violations of constitutional rights by his or her subordinates." Chinchello, 805 F.2d at 133; Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir.

6

1990), cert. denied, 501 U.S. 1218 (1991). Section 1983 liability cannot be predicated solely on the theory of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). See also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's actions); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-95 (3d Cir. 1997) (holding that Section 1983 plaintiff is required to show that supervisor personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

In the context of a defendant who is alleged to have performed in a supervisory role, courts have identified two general instances in which either the conduct of that supervisor-defendant or the policies/procedures of that supervisor-defendant may amount to personal involvement and thereby warrant a finding of individual, supervisory liability for a constitutional tort: First, supervisory liability may attach if the supervisor personally "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in a subordinate's unconstitutional conduct. A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004), citing Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). Second, liability may attach if the supervisor, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." Id., quoting Stoneking v. Bradford Area Sch. Dist., 882 F.2d 720, 725 (3d Cir. 1989).

Here, the moving Defendants assert that Plaintiff's claims against Defendants Schultz,

Hoke, Kryziak, Weiderspahn, Amato, Soff, Lewis, and Saulsbery must be dismissed because he has (i) failed to establish their personal involvement in the alleged constitutional violations, and (ii) failed to establish that Plaintiff's harm was caused by the adherence to any existing policy or procedure. Each of these arguments will be addressed in turn.

### a. Personal Involvement

Plaintiff alleges that Defendants Schultz, Hoke, Kryziak, Weiderspahn, Amato, Soff, Lewis, and Saulsbery failed to properly train, supervise, and discipline Defendant Phillips (ECF No. 3, Amended Complaint, at ¶¶ 91a-c); failed to provide adequate staff on Plaintiff's housing unit (Id. at ¶ 91d); and knew that there were "deficiencies within policies (or that policies were needed) to limit or end" the occurrence of assaults, yet failed to promulgate or amend such policies for the safety of inmates (Id. at ¶ 91e). Thus, Plaintiff's claims against said Defendants are primarily based on their failure to control their subordinates' actions and/or to prevent inmate-on-inmate assaults from occurring. None of these allegations establish that any of said Defendants personally "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in Defendant Phillips' alleged unconstitutional conduct. Accordingly, Plaintiff's claims against these Defendants should be dismissed to the extent they are based on their personal involvement.

### b. Policy, Practice, or Custom

Plaintiff's allegations are more closely associated with the second type of supervisory liability claims, having to do with the establishment and maintenance of a policy, practice, or custom that directly caused constitutional harm. In this regard, a plaintiff must prove the following four elements to establish supervisory liability: (1) the policy or procedures in effect at

the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-supervisor was aware that the policy created an unreasonable risk; (3) the defendant-supervisor was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory practice or procedure. Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989); Brown v. Muhlenberg Twp., 269 F.3d 205 (3d Cir. 2001).

Here, Plaintiff claims that Defendant Phillips' allowance of Defendant Pude's entry into Plaintiff's cell was either contrary to an existing policy barring an inmate from entering the cell of another, or resulted from the lack of a sufficient policy or practice addressing the risk of unlawful entry into an inmate's cell. (See ECF No. 17, Plaintiff's opposition brief, at p. 9). Neither is sufficient to establish a supervisory liability claim under the parameters set forth in Sample. First, if Plaintiff is correct in alleging that CCCF had an existing policy or practice of barring an inmate from entering the cell of another, that policy or practice cannot be found to have been the direct cause of the constitutional harm at issue, i.e., the deliberate indifference to Plaintiff's safety that led to the assault at issue. Rather, Defendant Phillips' alleged failure to follow such policy would have been the direct cause of such harm. Alternatively, if Plaintiff's claim is based primarily on the failure to adopt a sufficient policy or practice addressing the risk associated with allowing an inmate to enter the cell of another, such claim more squarely focuses on Defendants' personal involvement in the alleged constitutional harm, which has already been addressed.

Based on the foregoing, therefore, the Court finds that Plaintiff's claims against Defendants Schultz, Hoke, Kryziak, Weiderspahn, Amato, Soff, Lewis, and Saulsbery should be dismissed for failure to state a claim upon which relief may be granted.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Crawford County Defendants' partial motion to dismiss [ECF No. 10] be granted, as follows: (i) Plaintiff's claims against Defendants Schultz, Hoke, Kryziak, Weiderspahn, Amato, Soff, Lewis, and Saulsbery should be dismissed; and (ii) Plaintiff's official capacity claims against Defendant Phillips should be dismissed. It is further recommended that Defendants Schultz, Hoke, Kryziak, Weiderspahn, Amato, Soff, Lewis, and Saulsbery be terminated from this case.

As a result of the foregoing, the only claims that should remain are the following: a pendent state law assault claim against Defendant Pude at Count I; an Eighth Amendment failure to protect claim against Defendant Phillips, in his individual capacity, at Count II; an Eighth Amendment failure to intervene claim against Defendant Phillips, in his individual capacity, at Count III; a pendent state law negligence claim against Defendant Phillips, in his individual capacity, at Count IV; a municipal liability claim against Defendants Crawford County and Crawford County Board of Jail Inspectors at Count V; and a claim for attorneys' fees, costs and expenses under 42 U.S.C. § 1988 at Count VI.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir.

2011).

                                          /s/ Susan Paradise Baxter
                                          SUSAN PARADISE BAXTER
                                          United States Magistrate Judge

Date:    April 11, 2017

cc:      The Honorable Barbara Rothstein
         United States District Judge